24-1238-cv
*Baldeo v. Airbnb*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-five.

PRESENT:   DENNY CHIN,
           EUNICE C. LEE,
           BETH ROBINSON,
                *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DR. PHILIP BALDEO, 156 WEST 15TH
STREET CHELSEA LLC,
                *Plaintiffs-Appellants*,

           -v-                                                  24-1238-cv

AIRBNB, INC.,
                *Defendant-Appellee,*

JOHN DOES, 1-10, JANE DOES, 1-10,
                *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:      Kent L. Gubrud, New York, New York.

FOR DEFENDANT-APPELLEE: Kannon K. Shanmugam, Abigail Frisch Vice, Thomas E. Nielsen, Karina M. Shah, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, DC.

Appeal from the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Philip Baldeo and 156 West 15th Street Chelsea LLC (together, "Plaintiffs") appeal from a judgment of the district court entered March 30, 2024, dismissing their complaint against Defendant-Appellee Airbnb, Inc. ("Airbnb"). Plaintiffs are the owners of an apartment building in Chelsea, Manhattan (the "Building"). Some of the Building's tenants, acting as "hosts," subleased their apartments to "guests" on Airbnb's platform for periods of less than thirty days, in violation of municipal laws banning short-term rentals. *See* New York City Admin. Code § 27-2004(a)(8). Plaintiffs were investigated by New York City (the "City") four times from 2014 through 2017 and fined over $100,000.

Nearly three years after the final City inspection, Plaintiffs sued Airbnb for negligence, common-law fraud, and violations of New York General Business Law ("GBL") § 349, the state's deceptive trade practices law, alleging that Airbnb engaged in unlawful rental activity and misrepresented its services to Plaintiffs and their tenants.

After the magistrate judge (Figueredo, *M.J.*) issued a report and recommendation (the "R&R") recommending that all claims be dismissed, Plaintiffs did not file any objections until ten days after the fourteen-day deadline prescribed by Federal Rule of Civil Procedure 72(b)(2).  The district court adopted the R&R, dismissed all claims -- both because Plaintiffs' objections were untimely and on the merits -- and denied leave to amend.  Plaintiffs appeal.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Failure to Timely Object to the R&R

Rule 72(b)(2) provides that a party may file objections to a magistrate judge's R&R within fourteen days after its service.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to timely object "generally waives any further judicial review of the findings contained in the report."  *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).  Because the waiver rule is non-jurisdictional, we may excuse a party's waiver in the interests of justice if the magistrate judge "committed plain error in ruling against the defaulting party."  *Id.*

Plaintiffs have waived their right to judicial review.  The R&R was issued on September 29, 2023, and clearly stated that failure to object within fourteen days would forfeit the parties' right to raise objections on appeal.  That deadline passed on October 13, 2023.  Yet Plaintiffs did not submit a letter until October 23 -- ten days *after*

the deadline -- stating they had "well-founded objections" and requesting an extension because of a purported conflict between Plaintiffs and counsel. App'x at 53. The district court held an *ex parte* hearing and concluded that Plaintiffs did not adequately explain why any dispute "prevented them from objecting within the statutory fourteen-day period." App'x at 55. The district court further concluded that even if Plaintiffs had proffered some compelling reason to excuse their waiver, the magistrate judge did not commit "plain error" in adjudicating the motion to dismiss. *Spence*, 219 F.3d at 174. We are not persuaded that the district court abused its discretion in denying an extension, and we agree that Plaintiffs waived their right to further judicial review.

## II.     Failure to State a Claim

Assuming Plaintiffs did not waive their right to judicial review, we conclude that the district court did not err in holding that Plaintiffs otherwise failed to state a claim.

We review a dismissal pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (citation modified). "To survive a motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Mirkin v. XOOM Energy, LLC*, 931 F.3d 173, 176 (2d Cir. 2019) (citation modified).

### 1. Fraud

To state a fraud claim under New York law, a plaintiff must allege (1) a misrepresentation or material omission of fact that was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance, and (4) injury. *See Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009). Under New York law, the misrepresentation pled must induce the plaintiff's reliance; third-party reliance is not enough. *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 827-29 (2016).

Plaintiffs' fraud claim fails because they do not allege any false statements made for the purpose of inducing Plaintiffs' reliance. Plaintiffs allege that Airbnb made misrepresentations to the Building's tenants (who became Airbnb hosts) in its Terms of Service claiming it was not a real-estate broker, escrow agent, or lawyer, but later purportedly acted in those capacities anyway. These statements -- assuming they were fraudulent -- were made by Airbnb to induce tenants' reliance, not Plaintiffs' reliance. Plaintiffs were not parties to the Terms of Service and had no dealings with Airbnb.

Plaintiffs also fail to plead reasonable reliance. There is no allegation that Plaintiffs even knew of the purported misrepresentations in Airbnb's Terms of Service, such that Plaintiffs relied on them in making leasing decisions. To the extent any false statements were relied on by Plaintiffs about the rentals, they were statements made by

the tenants, not by Airbnb. Plaintiffs have not plausibly alleged that Airbnb acted with an intent to induce, or that they reasonably relied on any alleged misrepresentations.

### 2. Negligence

Under New York law, a negligence claim requires (1) the existence of a duty of care as to the plaintiff, (2) a breach of that duty, and (3) injury to the plaintiff as a result. *See In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 210 (2d Cir. 2014). To satisfy the duty prong, a plaintiff must plead that the defendant "owed not merely a general duty to society but a specific duty to him or her." *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232 (2001).

Plaintiffs argue that Airbnb engaged in negligent conduct by "knowingly brokering Plaintiffs' property to arrange hundreds of illegal rental transactions." Appellants' Reply Br. at 14. To state a negligence claim based on this theory, Plaintiffs must plausibly allege that Airbnb owed them a "specific duty" of care. *Hamilton*, 96 N.Y.2d at 232. Plaintiffs, however, refer only to Airbnb's "statutory duty" to comply with City laws, and its duty to "control its own conduct" to comport with regulations, neither of which is a duty owed to Plaintiffs. *See* Appellants' Br. at 21; Supp. App'x at 74. As such, Plaintiffs failed to plausibly allege negligence.

### 3. GBL § 349

Plaintiffs allege that Airbnb committed an unlawful trade practice by "misrepresent[ing] the true status of its unlicensed and unlawful rental conduct." Supp.

App'x at 85. To state a § 349 deceptive business practices claim, a plaintiff must allege that (1) "the act or practice [is] consumer-oriented," (2) "the act or practice [is] misleading in a material respect," and (3) the plaintiff suffered "injur[y] as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (citation modified). Even assuming, *arguendo*, that Airbnb's actions were consumer-oriented and materially misleading, Plaintiffs have failed to allege that they suffered an injury "as a result" of Airbnb's conduct. *See Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000) (noting that the plaintiff "must show that the defendant's material deceptive act caused the injury") (citation modified). Plaintiffs have not alleged that Airbnb's Terms of Service or other conduct caused them to enter leases with their former tenants or caused those tenants to then become Airbnb hosts. Indeed, Plaintiffs had to have entered into leases with their tenants before they became Airbnb hosts. Because Plaintiffs have failed to plead the requisite causation element, their § 349 claim thus also fails.

### III. Denial of Leave to Amend

A district court may deny leave to amend when it determines that the proposed amendment is futile, including when the proposed repleading could not withstand a motion to dismiss under Rule 12(b)(6). *See Lucente v. Int'l Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). While we generally review a district court's decision to deny leave to amend for abuse of discretion, we conduct *de novo* review when the denial is based on "a legal interpretation, such as futility." *Balintulo v. Ford*

*Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). We may affirm a district court's dismissal of a claim "on any grounds supported in the record." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

It is undisputed that Airbnb made no statements to induce Plaintiffs' reliance and was not in any contractual or other privity with Plaintiffs. Given that Plaintiffs did not plausibly allege a legal duty owed to Plaintiffs by Airbnb, reasonable reliance on the part of Plaintiffs, or a causal relationship between Airbnb's conduct and Plaintiffs' injury, we affirm the district court's denial of leave to amend.

\* \* \*

We have considered Plaintiffs' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk